IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Case No. 1:22-cv-5633

MINDEN PICTURES, INC.,

     Plaintiff,

v.

BLOCK CLUB CHICAGO NFP d/b/a
DNAINFO,

     Defendant.

_____

## **COMPLAINT**

Plaintiff Minden Pictures, Inc. ("<u>Plaintiff</u>") sues defendant Block Club Chicago NFP d/b/a

DNAInfo ("<u>Defendant</u>"), and alleges as follows:

### **THE PARTIES**

1.     Plaintiff is a corporation organized and existing under the laws of the State of

California with its principal place of business located in Aptos, California.

2.     Defendant is a corporation organized and existing under the laws of the State of

Illinois with its principal place of business located at 303 East Wacker Dr., Suite 2106, Chicago,

IL 60601. Defendant's agent for service of process is Jen Sabella, 303 East Wacker Dr., Suite

2106, Chicago, IL 60601.

### **JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because it maintained

sufficient minimum contacts with Illinois such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

## FACTS

### I.     Plaintiff's Business

6.     Plaintiff is recognized as a premier provider of rights managed wildlife and nature stock photography/feature stories.

7.     Plaintiff's collection covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions.

8.     Plaintiff also features images of human interaction with the natural world highlighting science research, conservation, environmental issues, indigenous peoples, and eco travel.

9.     Plaintiff serves as the exclusive licensing agent for the numerous professional photographers whose work Plaintiff represents, including but not limited to the work at issue in this lawsuit.

### II.     The Work at Issue in this Lawsuit

10.     Tui De Roy is one of many photographers represented by Minden Pictures (see https://www.mindenpictures.com/favorites/photographer-portfolios/tui-de-

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

roy.html?l=3&o=0&f=-1).

11.     Ms. De Roy is an award-winning wildlife photographer, naturalist, conservationist and author whose work has been published in 40 countries. She also lectures extensively in North America, Europe, and New Zealand.

12.     Ms. De Roy became passionate about wildlife, photography, and conservation after growing up in the Galapagos Islands where she was surrounded by unique wildlife and lush environment. She spent 35 years in the Galapagos before moving to South Island, New Zealand to create Roving Tortoise Nature Photography, working freelance with the motto of "Images of Wildlife and Wilderness from our Planet's Most Pristine, Uninhabited Regions"

13.     Ms. De Roy has written articles and books about the natural wonders of the Galapagos Islands, New Zealand, Antarctica, the Andean Mountain Chain, and the Highlands of Kenya.

14.     Currently, Ms. De Roy has been spending much of her time in the Galapagos to focus on her conservation involvement and photographic coverage of rare and difficult to access subjects in addition to researching several new books.

15.     In 2001, Ms. De Roy created a professional photograph of a Blue-footed Booby (Sula nebouxii) pair preforming a courtship dance at Seymour Island, Galapagos Islands titled "00141256.jpg" (the "Work").  A copy of the Work is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



16.     The Work was registered by Ms. De Roy with the Register of Copyrights on January 9, 2009 and was assigned Registration No. VA 1-715-029. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

17.     Ms. De Roy is the owner of the Work and has remained the owner at all times material hereto.  For all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Work.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

### III.    Defendant's Unlawful Activities

18.     Defendant is an online newspaper that reports local and neighborhood news in Chicago and New York City.

19.     Defendant advertises/markets its business primarily through its website (https://blockclubchicago.org/), social media (e.g. https://www.facebook.com/blockclubchi), and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

other forms of advertising.

20.     On a date after Ms. De Roy's above-referenced copyright registration of the Work, Defendant published a copy of the Work on its website (at https://www.dnainfo.com/new-york/20110426/greenwich-village-soho/australian-skin-care-brand-aesop-open-greenwich-village-shops):



21.     A true and correct copy of screenshots of the foregoing website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

22.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

23.     Defendant utilized the Work for commercial use – namely, in connection with the marketing of its business.

24.     Upon information and belief, Defendant located a copy of the Work on the internet

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

25.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in April 2022.  Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of its Work.

## COUNT I – COPYRIGHT INFRINGEMENT

26.     Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28.     Ms. De Roy owns a valid copyright in the Work, having registered the Work with the Register of Copyrights.

29.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Work).

30.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

31.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

32.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

33.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© Copyright 2022"), indicating that Defendant understands the importance of copyright protection and intellectual property. Finally, as a publisher of digital media, Defendant clearly understands that high-end photography is generally paid for and cannot simply be copied from the internet.

34.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

35.      Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

36.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

37.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

38.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: October 14, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza_____
      Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228